Rijos, Apelante, v. Peña et al., Apelados.

Apelación procedente de la Corte de Distrito de San Juan,
Sección 1ª.

No. 866.—Resuelto en febrero 21, 1913.

Hijos Naturales—Herencia de los Parientes Colaterales Legítimos del
    Padre Natural.—De acuerdo con las disposiciones del Código Civil antiguo,
    un hijo natural reconocido no tiene derecho a heredar a la hermana legítima
    de su padre natural.
Id.—Nulidad de Testamento—Falta de Causa de Acción.—No teniendo el
    demandante derecho a heredar a la hermana legítima de su padre natural,
    tampoco tiene causa de acción para pedir la nulidad del testamento otorgado
    por aquélla.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Manuel F. Rossy.*
Abogados de los apelados: *Sres. Bosch y Soto.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Doña Zoila Rijos y Laza presentó demanda en la Corte de
Distrito de San Juan alegando que Doña Encarnación Rijos
y Correa había fallecido en esta ciudad el 20 de junio de
1902; que el testamento que aparece otorgado por dicha
señora el 26 de noviembre de 1901 es nulo por no ser auténtica
la firma de la testadora, y que la demandante es hija natural
reconocida de Juan Rijos Correa, hermano legítimo de Doña
Encarnación.

Benito Peña, uno de los demandados, alegó por vía de excepción previa, que la demanda no aducía hechos suficientes
para determinar una causa de acción, fundándose en que Zoila
Rijos como hija natural de Juan Rijos, no tenía derecho a
suceder *abintestato* a la hermana del último nombrada Encarnación Rijos. La excepción fué declarada con lugar, y registrada sentencia desestimando la demanda, se interpuso contra
ella el presente recurso de apelación.

Como puede verse, sólo una cuestión fundamental está

envuelta en el recurso : la de si la hija natural reconocida es
o no es heredera de la hermana legítima de su padre natural
y en tal virtud si tiene o no tiene personalidad para solicitar
la nulidad del testamento otorgado por la dicha hermana
legítima de su padre natural.

De acuerdo con la ley y la jurisprudencia, dicha cuestión
debe resolverse en la negativa.

Este caso debe regularse por las prescripciones del Código
Civil antiguo, vigente a la fecha del fallecimiento de la señora
Rijos Correa.

Esta señora murió bajo testamento y las prescripciones
del código referentes a la herencia testada no confieren de-
recho alguno a la demandante.   Ni ella ni su propio padre,
aun cuando hubiera estado vivo a la muerte de su hermana,
tenían la condición de herederos forzosos.

Aceptando que el testamento fuera nulo y que deba consi-
derarse a la señora Rijos Correa como muerta *abintestato,*
tampoco las disposiciones del código favorecen en modo al-
guno a la demandante.

El artículo 943 de dicho código, copiado a la letra dice así:

"El hijo natural y el legitimado no tienen derecho a suceder abin-
testato a los hijos y parientes legítimos del padre o madre que lo haya
reconocido, ni ellos al hijo natural ni al legitimado."

Los términos de dicho artículo son tan claros que no admi-
ten lugar a dudas de ningún género.  Por disposición expresa
del legislador el hijo natural, (en este caso la demandante) no
tiene derecho a suceder *abintestato* al pariente legítimo de
su padre natural, (en este caso Doña Encarnación Rijos y
Correa) y siendo esto así, es evidente que dicho hijo natural
no tiene tampoco personalidad para pedir la nulidad del testa-
mento otorgado por el pariente legítimo de su padre natural,
ya que no es parte interesada en la herencia.

Además, la cuestión suscitada no es nueva ante este tribu-
nal.  Ha sido ya resuelta, en el sentido expuesto, en el caso

de la *Sucesión Pagán* v. *Pagán et al.,* 17 D. P. R., 145, y ninguno de los razonamientos consignados en su alegato por el distinguido abogado de la parte apelante, destruye a nuestro juicio los fundamentos de la decisión de esta corte que se basó en la letra misma de la, ley, en los precedentes históricos y en la opinión de los comentaristas. En el caso de *Correa et al.* v. *Correa et al.,* 18 D. P. R., 117, se estudió también la cuestión de los derechos hereditarios de la sucesión ilegítima y se llegó a la conclusión de que los hijos naturales reconocidos no tienen derecho a heredar *abintestato* al padre legítimo de su padre natural, de acuerdo con las prescripciones del Código Civil antiguo. Sus razonamientos pueden aplicarse para ilustrar el punto debatido en este pleito.

El recurso establecido debe declararse sin lugar y confirmarse la sentencia ,apelada.

*Confirmada.*

Jueces concurrentes: Sres: Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.